OPINION
This appeal emanates from a final judgment of the Lake County Court of Common Pleas. Appellant, Clifton L. Frazier, seeks the reversal of the trial court's finding that he is a sexual predator who must comply with the various requirements of R.C. Chapter 2950.
In January 1994, appellant entered a plea of guilty to one count of corruption of a minor, a third-degree felony under R.C.2907.04. Upon accepting the guilty plea, the trial court sentenced appellant to a definite term of two years in a state penitentiary.
Although the record before this court does not give any explanation concerning why appellant had not been released, he was still an inmate in a state prison as of January 1999. At that time, the trial court issued a judgment ordering appellant's return to Lake County so that a hearing could be held to determine whether he was a sexual predator for purposes of R.C. Chapter 2950.
The hearing in question went forward on February 22, 1999. Predicated upon the evidence presented during that proceeding, the trial court rendered a second judgment in which the court found appellant to be a sexual predator and ordered him to satisfy the registration requirements of the statutory scheme. In support of its finding, the court specifically concluded that appellant was likely to commit a sexual oriented offense in the future.
In now appealing the "sexual predator" determination, appellant has asserted one assignment of error for our consideration. Under this assignment, appellant argues that the trial court erred in applying the "sexual offender" laws to him because the statutory scheme is unconstitutional. Specifically, he contends that R.C. Chapter 2950 violates Section One, Article I
of the Ohio Constitution.
In regard to this point, this court would simply note that this exact argument was recently considered by the Supreme Court of Ohio. In State v. Williams (2000), 88 Ohio St.3d 513, the court expressly held that R.C. Chapter 2950 did not impinge upon the natural law rights of privacy, favorable reputation, the acquisition of property, and the ability to pursue an occupation. The Williams court also rejected other challenges to the constitutionality of the statutory scheme.
Pursuant to Williams, the trial court in the instant case did not err in applying R.C. Chapter 2950 to appellant because the "sexual offender" laws have been declared to be constitutional by the Supreme Court of Ohio. Thus, as appellant's sole assignment of error is without merit, the judgment of the trial court is affirmed.
 ______________________________________________________ ROBERT A. NADER, Judge
FORD, P.J., O'NEILL, J., concur.